UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| Brian W. Scott, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>E. Richard Bazzle, Warden of Perry )<br>Correctional Institution; and Henry D. )<br>McMaster, Attorney General of )<br>South Carolina, )<br>)<br>Respondents. )<br>_____ ) | C/A No. 8:05-cv-2690-GRA-BHH<br><br>**ORDER**<br>(Written Opinion) |

This matter comes before the Court for review of the magistrate's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), filed on January 31, 2007. Petitioner filed this action seeking habeas corpus relief pursuant to 28 U.S.C. § 2254 on September 16, 2005. Respondents filed a motion for summary judgment on December 8, 2005. On June 16, 2006, the magistrate judge issued a Report and Recommendation recommending that this petition be dismissed as untimely. This Court disagreed with the magistrate, finding the petition had been timely filed, and issued an Order on July 12, 2006, remanding the case back to the magistrate judge for further consideration of Respondents' Motion for Summary Judgment. The respondents' Motion for Summary Judgment and the

1

magistrate's Recommendation are presently before the Court, and the magistrate recommends denying the motion for summary judgment as to all grounds for relief.

Petitioner brings this claim *pro se.* This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). The Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*

In order for objections to be considered by a United States District Judge, the objections must be timely and must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. Fed. R. Civ. P. 72(b); *see United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). "Courts have held

2

*de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983). Respondents timely filed objections on February 28, 2007.

The Court first reiterates that only specific objections to the Report and Recommendation may be considered. Respondents' objections are thorough and detailed, yet the Court finds many of these objections do not specifically point to error in the magistrate's proposed findings. Instead, Respondents' objections are written more in the fashion of a renewed motion for summary judgment, especially the objections concerning grounds two through four of the petition. The Court understands that these issues were not adequately addressed in Respondents' motion for summary judgment due to Respondents' concentration on the issue of timeliness. In fact, the original motion was fashioned as a motion to dismiss, with the motion for summary judgment pleaded only in the alternative. However, the Court cannot accept new evidence that was not before the magistrate in ruling on a Report and Recommendation.

Respondents do raise several specific objections to the magistrate's Report and Recommendation. First, Respondents argue that the magistrate erred in finding

conflicting evidence exists as to the location of the statement at issue in this petition. Respondents argue that Adams' statement was accompanied with a certificate of mail, certifying the statement was placed in the mail to both the Clerk's Office and Solicitor's Office in Greenville County. Further, the statement was stamped "filed" by the Clerk's Office. Though this statement in fact may have been in a public file, its location and availability to Petitioner are still a material issue of fact. Even the Court of Appeals recognized the controversy surrounding the location of this statement and its availability to the petitioner. *See State v. Brian William Scott*, Op. No. 2006-UP-336 (S.C. Ct. App. filed Sept. 21, 2006). Therefore, the Court finds this objection without merit.

Next, Respondents "object to the [magistrate's] dismissal at pages 8-10 [of the Report and Recommendation] concerning the lack of materiality of the evidence." First, the Court disagrees with Respondents' assertion that the magistrate judge dismissed the issue of materiality. The Court is of the opinion that the magistrate judge thoroughly analyzed and considered this issue under the applicable law. The Court finds that a genuine issue of materiality exists as to whether this statement was material in such a way as to undermine the confidence in the verdict. *See Kyles v. Whitley*, 514 U.S. 419, 435 (1995). The fact that Respondents and the magistrate raised such detailed and contrasting arguments over this issue is enough to evidence that a genuine issue of fact still remains. Therefore, this objection is also without merit.

After a review of the record, this Court finds that the magistrate's Report and Recommendation accurately summarizes this case and the applicable law. Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

Before issuing the final order on the Report and Recommendation, the Court must first address Respondents' recent motion to consolidate this case with a companion case filed by Petitioner, arising out of and asserting the same claims currently before the Court. After reviewing Respondents' Motion, this Court finds consolidation of these cases would be in the best interest of justice. Therefore, the Court grants Respondents' Motion to Consolidate this petition with civil action number 8:06-cv-2730-GRA-BHH. The Court remands the consolidated case to the magistrate judge for a final Report and Recommendation.

IT IS ORDERED that Respondents' Motion for Summary Judgment is DENIED as to all four grounds of relief. IT IS FURTHER ORDERED that Respondents' Motion to Consolidate is hereby GRANTED and this case, as consolidated, is REMANDED to the magistrate for the issuance of a final Report and Recommendation.

IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

March 30, 2007

Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

Petitioner has the right to appeal this Order within thirty (30) days from the date of the entry of this Order, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, will waive the right to appeal.