UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| Brian W. Scott, #240345, ) | |
| ) | C/A No. 8:05-2690-GRA-BHH |
| ) | C/A No. 8:06-2730-GRA-BHH |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | (Written Opinion) |
| E. Richard Bazzle, Warden of ) | |
| Perry Correctional Institution; and ) | |
| Henry D. McMaster, Attorney General ) | |
| of South Carolina ) | |
| ) | |
| Respondent. ) | |

This matter is before the Court for a review of the magistrate's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(e), D.S.C., and filed on August 10, 2007. Petitioner filed a petition for habeas corpus pursuant to 28 U.S.C. §2254 on September 28, 2006. Respondents filed an amended motion for summary judgment and memorandum in support of the motion on March 5, 2007. A *Roseboro* Order was issued on March 6, 2007, and Petitioner filed an amended response to the motion for summary judgment on March 28, 2007. The magistrate recommends that respondents' motion for summary judgment be granted. The facts and procedural history of this case are extensive. As such, the Court adopts and incorporates the magistrate's statement of facts and procedural history. *See* Report and Recommendation, p. 2-3.

1

Petitioner brings this claim *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id*. In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Respondents filed objections on August 29, 2007. Petitioner filed objections on September 24, 2007. Since Respondents objected to only one portion of the magistrate's Report and Recommendation, the Court will first address that objection. The Court will next address each of the Petitioner's specific objections.

**Respondent's Objections to the Report and Recommendation**:

The respondents object that the magistrate improperly dismissed the petitioner's fourth ground for relief as untimely. Rather, the respondents argue that "The appropriate dismissal would recognize that the state court issue was raised solely as a state law claim over which this Court has no habeas jurisdiction to retry or review." Resp. Obj., p. 3. The petitioner's fourth ground for relief argues that the state did not have subject matter jurisdiction to indict and prosecute the petitioner for a second time because the prosecution dismissed the first case with no intention to restore it at a later date.

The state court used state law to dismiss this allegation on its merits, not for untimeliness, because it involved the court's subject matter jurisdiction. The state court adjudication was not "contrary to, or involve[] an unreasonable application or, clearly established federal law, as determined by the Supreme Court of the United States," and, therefore, cannot serve as a basis for § 2254 relief. *Williams v. Taylor*, 529 U.S. 362, 398 (2000). To the extent the petitioner may have modified this claim to include federal issues, this Court cannot review it because these claims were not raised or ruled on by the state PCR court and, therefore, are procedurally barred.

**Petitioner's Objections to the magistrate's Report and Recommendation**:

Many of Petitioners arguments do not state any specific objection to the magistrate's Report and Recommendation. Instead, he merely restates and reargues the issues that were set forth in his two petitions and responses in opposition to

summary judgment. These issues were correctly addressed by the magistrate and this Court will not address the issues a second time. Therefore the objections which lack the specificity to trigger *de novo* review will not be addressed. However, there are several objections which this Court will address.

The Petitioner first objects to the magistrate's interpretation of this Court's Order to consolidate the two habeas petitions 05-2690 and 06-2730, filed on March 30, 2007. Essentially, Petitioner claims it was error for the magistrate to treat the two petitions as one, and in doing so, it "caused petitioner cases to lose their separate identites [sic], and extinguished the first case (05-2690) erroneously." Petr's Obj., p. 187. This Court disagrees.

This Court consolidated the two petitions on Respondents' motion because the claims for each were essentially the same. In the Original Petition, *Scott v. Bazzle*, 05-2690, Petitioner argued that, his rights were violated, pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), based on the alleged failure of the state to produce exculpatory evidence in the form of a 1994 statement of one of the prosecution's key witnesses, Tyrone Adams. (Original Pet. at 6-7.) The petitioner's second ground related to the alleged presentation of false evidence to the jury in the form of a knife that the state allegedly claimed was the murder weapon used by the petitioner. (Original Pet. at 22-25.) The third ground for relief related to the alleged perjury of Adams that he was not promised a plea agreement in regards to a separate murder charge, in exchange for his testimony against the petitioner. (Original Pet. at 33-34.) The final ground concerned

4

the petitioner's allegation that he was convicted on a second indictment for the same murder after the first indictment had been dismissed "with no intentions of restoring it at a later time." (Original Pet. at 40-41.) He filed his Second Petition (*Scott v. Bazzle* (06-2730), on September 28, 2006. In the Second Petition, he reasserted grounds one through three of the original petition. In its Order granting respondents' motion to consolidate the two petitions, this Court included a Notice of Appeal to the petition. Petitioner had thirty (30) days in which to file an appeal with respect to the portion ordering consolidation of the two petitions, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Petitioner failed to appeal. As such, any objections Petitioner has, as to the consolidation order, are deemed waived.

With respect to Ground One, the alleged violation of *Brady v. Maryland*, 373 U.S. 83 (1963), Petitioner objects to the magistrate's recommendation that respondents' motion for summary judgment should be granted. Petitioner first claims that this Court adopted the magistrate's recommendation and denied respondent's motion fo summary judgment ,as to the materiality of the *Brady* claim, in its March 30, 2007 Order. As such, Petitioner argues that it is error for the Court to now grant respondents' renewed motion for summary judgment. In light of the consolidation of the habeas petitions (05-2690 and 06-2730) and the South Carolina Court of Appeals opinions (06-2730 [Doc. 17 part 6]) ("*Scott* I"); 06-2730 06-2730 [Doc. 17 Part 9]) ("*Scott* II"))which were issued after the respondents' first motion for summary

judgment was filed, this Court finds that the magistrate was correct in granting respondents' amended motion for summary judgment.

In Ground One of his petition, Petitioner alleges that the State, in violation of *Brady*, failed to produce a 1994 written statement of the prosecution's witness, Tyrone Adams, (R. at 845-46, "Notification of Intended Plea") that materially contradicted that same witnesses trial testimony against the petitioner.[1] Although the South Carolina Court of Appeals determined that this statement had impeachment

---

[1] As the magistrate noted, Adams' 1994 statement expressly states that Adams "could only speculate as to whom the actual perpetrator was as he [the defendant] did not witness the act" and "was merely present during the commission of the crime, with that presence being out of sight of the crime and without the knowledge of the act being in progress." (R. at 845.) In contrast, at the petitioner's trial, Adams testified, "Brian was – had – was strangling 'G.'" (R. at 314.) Unlike his 1994 statement, there was simply no equivocation in Adams' ability to identify the perpetrator as the petitioner, at trial (*see generally* R. at 312-26):

> Q:    Okay. And did he [the petitioner] keep doing that to "G"?
>
> A:    Yes, ma'am.
>
> Q:    And you remember seeing that?
>
> A:    Yes ma'am.

(R. at 315; *see also* R. at 316.) The magistrate concluded that "[t]his testimony is in stark contrast to the 1994 Statement, in which Adams stated that he did not witness the crime, and thus, could only speculate as to the assailant. (*See* R. at 845.) The respondents continue to profess that the two statements are consistent. As the Court has already concluded (05-2690 [Doc/ 47], there is no question but that Adams' original Statement and his trial testimony are inconsistent and would, therefore, have impeachment value to the petitioner. But this conclusion is of no moment here. As will be discussed, the South Carolina Court of Appeals reasonably concluded that the evidence, even if it held impeachment value is not material." Report and Recommendation, p. 6-7 n.6.

value, it concluded that the statement was not material.  (06-2730 [Doc. 17 Part 6]) ("Scott I"); (06-2730 [Doc. 17 Part 9]) ("Scott II").

In order for a federal court to grant habeas corpus relief, it must conclude that the relevant state-court adjudication "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "resulted in a decision that was based on a n unreasonable determination of the facts in light of the evidence presented in the state court proceedings," 28 U.S.C. § 2254(d)(2); *see Williams v. Taylor*, 120 S.Ct. 1495, 1516 (2000).  In reviewing Petitioner's Second Petition for habeas relief, in light of the South Carolina Court of Appeals opinions filed on June 19, 2006 and September 21, 2006, as well as the respondents' amended motion for summary judgment, the magistrate agreed with the respondents' that "the petitioner's *Brady* claim should be dismissed because the South Carolina Court of Appeals decision was not an unreasonable application of, or contrary to, *Brady*."  Report and Recommendation, p. 6.  The magistrate applied the "reasonable probability" test for materiality, established by the Supreme Court in *Kyles v. Whitley*, 514 U.S. 419, 433-34 (1995), and concluded that "[a]lthough the South Carolina Court of Appeals did not cite *Kyles* nor rely on any of its specific instruction in *Scott* II, the Court does not believe that any of its conclusions related to the materiality of the prior statement are at odds with *Kyles* or otherwise an unreasonable application of its holdings."  Report and Recommendation, p. 8 n.7 (citing *Scott v. Bazzle*, 06-2730 [Doc. 17 Part 9]).

Further, the magistrate concluded that "even if the court of appeals' *Scott* II decision was erroneous in light of *Kyles*, the Court could not disturb it. For it is clearly not unreasonable." Report and Recommendation, p. 8, n. 7. This Court agrees.

The magistrate correctly concluded that "a federal court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* (quoting *Williams*, 529 U.S. at 410). In light of the South Carolina Court of Appeals decisions in *Scott I* and *Scott II*, and the amended motion for summary judgment setting forth these points, this Court agrees with the magistrate's conclusion that respondents have adequately established that there are no genuine issues of material fact with respect to Petitioner's alleged *Brady* claim. Therefore, summary judgment on this issue was properly granted, and Petitioner's objections are without merit.

Petitioner next objects the magistrate's conclusion that summary judgment should not be granted on the basis that Grounds Two (alleged presentation of false evidence to the jury in the form of a knife), Three (alleged perjury of Adams that he was not promised a plea agreement), and Four (Petitioner's allegation that he was convicted on a second indictment for the same murder after the first indictment had been dismissed "with no intentions of restoring it at a later time") were procedurally defaulted. Petr's Obj., p. 192. Four reasons stated above, this Court concludes that the magistrate granted summary judgment on Ground Four on an improper basis.

8

However, the magistrate correctly concluded that Grounds Two and Three were procedurally defaulted. Petitioner presented these same issues in his PCR application. (Tr. at 785; Tr. at 938.) It is clear from the record that the PCR court dismissed Petitioner's PCR application with prejudice on the basis that it was untimely since it was filed outside the state statute of limitations for filing such an application, pursuant to S.C. Code Ann. § 17-27-45(a). (Tr. at 1010-114.) The Supreme Court denied Petitioner's Writ of Certiorari on June 15, 2005. The Petitioner filed his motion for new trial, pursuant to Rule 29(b), on December 8, 2003. The circuit court denied the new motion on August 25, 2004.

Petitioner raised Grounds Two and Three in his motion for new trial as well, and the trial court addressed these issues in its order dismissing the motion. *See* (06-2730 [Doc. 23 Part 6 at 4].) In that order, Judge Miller held, pursuant to S.C.R.P 29(b), that these grounds are "merely cumulative and impeaching" and "are not the nature of evidence which would result in a different outcome in a new trial." *Id.* at 5. As such, the motion for new trial was denied. On appeal, the South Carolina Court of Appeals, in both opinions issued, affirmed the circuit court's ruling denying the motion for new trial.

Petitioner attempts to argue that the Court of Appeals did not "rel[y] on any sort of state procedural default rule to deny Grounds Two and Three." Petr's Obj, p. 194. Moreover, Petitioner claims that because the Court of Appeals "fail[ed] to specifically mention any specific dates of when petitioner's conviction became final and when

9

petitioner actually submitted his new trial motion," it disagreed with the circuit court's ruling that the new trial motion was "untimely." *Id.* However, Petitioner's objection is without merit.

As the magistrate correctly noted, "[b]oth the South Carolina statute of limitations for PCR applications and Rule 29(b) are independent and adequate state grounds which acted as a procedural bar to the petitioner's claims regarding the knife and the allegedly false testimony of Adams concerning his plea agreement." Report and Recommendation, p. 10. Further, the magistrate concluded that while the Court of Appeals did address the merits of Petitioner's *Brady* claim, "it clearly did not entertain the petitioner's claim concerning the knife, on the merits, or any other claim that was deemed procedurally barred by the lower court." *Id.* The last ruling before the magistrate and this Court was the state court's ruling that these other grounds were untimely and that Petitioner's alleged after-discovered evidence was merely cumulative and impeaching. *See* (06-2730 [Doc. 23 Part 5 at 7].)

After a review of both South Carolina Court of Appeals opinions, this Court is in agreement with the magistrate. The magistrate was correct in her assertion that "[t]he court of appeals did not expressly or implicitly reverse that conclusion in either Scott I or Scott II." Report and Recommendation, p. 10 n.10 (citing (06-2730 [Doc. 17 Parts 6 & 9]).) As such, Petitioner's objection to the magistrate's finding that Grounds two and three are procedurally barred is without merit. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991) (noting that "where, as here, the last

reasoned opinion of the claim explicitly imposes a procedural default, we will presume that a later decision rejecting the claim did not silently disregard that bar and consider the merits").

Having concluded that Grounds Two and Three were procedurally defaulted, the magistrate next concluded that the Petitioner failed to "'demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate or that failure to consider the claims will result in a fundamental miscarriage of justice.'" Report and Recommendation, p. 10-11 (quoting *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)). Petitioner objects to this finding, but does not state any specific objection to the magistrate's Report and Recommendation. He merely restates and reargues the issues that were set forth in his response in opposition to the amended motion for summary judgment and in his motion for summary judgment. Petitioner provides no new basis to support his assertions that these grounds were not procedurally defaulted. Therefore, this Court holds that Petitioner's objections lack the specificity to trigger *de novo* review and declines to address them.

Petitioner also objects to the magistrate's finding that Ground Four was procedurally defaulted for the same reasons as Grounds Two and Three. As previously stated, the state court adjudication was not "contrary to, or involve[] an unreasonable application or, clearly established federal law, as determined by the Supreme Court of the United States," and, therefore, cannot serve as a basis for § 2254 relief. Williams

11

529 U.S. at 398.  To the extent the petitioner may have modified this claim to include federal issues, this Court cannot review it because these claims were not raised or ruled on by the state PCR court and, therefore, are procedurally barred.  Therefore, Petitioner's objections, as to Ground 4, are without merit.

Petitioner objects to the magistrate's failure to address his actual innocence claims under the miscarriage of justice exception.  Petr's Obj., p. 226.  In his amended response in opposition to the motion for summary judgment, Petitioner alleged a claim of actual innocence under the miscarriage of justice exception.  The Supreme Court stated that for a petitioner "[t]o establish actual innocence, petitioner must demonstrate that, 'in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327-328 (1995)).  After reviewing the entire record and all exhibits produced by Petitioner in support of his actual innocence claim, this Court cannot conclude that "it is more likely than not that no reasonable juror would have convicted [Scott] in light of the new evidence." *Schlup*, 513 U.S. at 327.  This Court finds that Petitioner's evidence does not support a claim for actual innocence.

Finally, Petitioner objects that the magistrate did not rule on his January 18, 2007 Motion to Expand the Record and, therefore, did not review evidence relevant to his *Brady* claim.  However, none of the evidence the petitioner alleges the magistrate failed to review would disturb this Court's adoption of the magistrate's

finding that Petitioner's alleged *Brady* claim, nor does it affect this Court's ruling as to Grounds Two, Three or Four.  Therefore, the petitioner's Motion to Expand the Record, filed on January 18, 2007, is DENIED.

After a review of the magistrate's Report and Recommendation this Court adopts the magistrate's Report and Recommendation as modified by this Order.

IT IS THEREFORE ORDERED that Respondents' motion for summary judgment be GRANTED and this action be DISMISSED.

IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

September 28, 2007
Anderson, South Carolina

### NOTICE OF RIGHT TO APPEAL

Petitioner is hereby notified that he has the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.  Failure to meet this deadline, as modified within Rule 4, will waive the right to appeal.